STATE OF CONNECTICUT *v.* DEWITT SCHOOL, INC., ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued November 8, 1963—decided May 20, 1964

632

*Joseph P. Cooney,* with whom was *Vincent J. Dowling,* for the appellants (defendants).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (plaintiff).

COMLEY, J.   This action was brought by the state to enjoin the defendants from operating a school in a manner alleged to be in violation of § 10-6 (c) of the General Statutes, which is printed in the footnote.[1]   A temporary injunction was granted, following which a substituted complaint was filed. The trial court overruled a demurrer to the substituted complaint, and, upon the failure of the de-

---

[1] "Sec. 10-6.   AUTHORITY TO CONFER ACADEMIC DEGREES. . . . (c) No person, school, board, association or corporation shall use in any way the term 'junior college' or 'college' or 'university' in connection with an institution, or use any other name, title or descriptive matter *tending to designate that it is* an institution of higher learning with the power to grant academic or professional degrees, unless the institution is operating under a license or a certificate of accreditation from the state board of education, or has been authorized to grant degrees in accordance with the provisions of this section. The provisions of this section shall not apply to any institution of learning which used the term 'junior college' or 'college' or 'university' in its name for a period of at least five years prior to October 1, 1947. . . . "

fendants to plead over, judgment was rendered for the plaintiff, from which the defendants bring the present appeal to this court.

It should be noted at the outset that the only facts before us are those alleged in the substituted complaint and admitted by the demurrer. We may not, as the defendants have done in their brief, refer to the evidence and exhibits which were introduced at the hearing on the temporary injunction. They are not part of the record on this appeal.

The substituted complaint alleges that the named defendant conducts a school in Bristol under the name of DeWitt Hall, that it is operated without a license or a certificate of accreditation from the state board of education and that it has no authority to grant degrees under any of the provisions of General Statutes § 10-6. It further recites that "[t]he descriptive matter which was issued in connection with the operation of said school tends to designate it, in substantial part, as an institution of higher learning with the power to grant academic or professional degrees."

The demurrer questions the sufficiency of the complaint on five different grounds. In our view of the case it is necessary to consider only the second. This ground attacks the constitutionality of § 10-6, claiming that the "grandfather clause," i.e., the provision exempting from its operation such institutions as had used the forbidden terms in their names for a period of at least five years prior to October 1, 1947, violates the fourteenth amendment to the federal constitution and article first, § 1, of the Connecticut constitution. It is charged that the statute creates an unlawful discrimination between certain schools existing before 1942 and those which came into existence at a later date. The basic rule under

the equal protection clause of the fourteenth amendment, as applied to nonracial situations, is that there may be discriminations between classes if the theory behind the discrimination has a reasonable relation to a goal of public policy which the state has a right to promote. *Smith* v. *Cahoon,* 283 U.S. 553, 566, 51 S. Ct. 582, 75 L. Ed. 1264; *Louisville Gas Co.* v. *Coleman,* 277 U.S. 32, 37, 48 S. Ct. 423, 72 L. Ed. 770; *Hartford Steam Boiler Inspection & Ins. Co.* v. *Harrison,* 301 U.S. 459, 462, 57 S. Ct. 838, 81 L. Ed. 1223. If a closed class is created by legislation, the reason for the creation of the class must bear a rational relationship to the ends which the state seeks to achieve. The purpose of the statute in question is quite obviously to protect the public from misrepresentations. Although it may be argued that schools created prior to a certain date would be less likely to mislead the public, this reason is not sufficient to sustain the discrimination. The statute is prospective in operation, and there is no way of knowing whether a pre-1942 school, which has not yet offended, might not mislead the public in the future. Since both pre-1942 and post-1942 schools are potentially able to mislead the public, there would appear to be no basis for the discrimination. *Morey* v. *Doud,* 354 U.S. 457, 469, 77 S. Ct. 1344, 1 L. Ed. 2d 1485.

Except for the discrimination discussed above, nothing we have said should be construed as a limitation of the state's right to regulate in this area. It is unnecessary for us to construe the language of the statute any further, but we do note, in passing, that there is considerable ambiguity in the language which could and should be eliminated if reenactment of the statute in an unobjectionable form is undertaken.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer on the second ground.

In this opinion the other judges concurred.