ELMER B. HURLBUT *v.* J. ARTHUR LEMELIN, SR., ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued February 9—decided May 10, 1967

*Alexander A. Goldfarb,* for the appellant (named defendant).

*Carl W. Nielsen,* with whom were *Hadleigh H. Howd, Thomas C. White* and *Nicholas P. Cardwell,* for the appellee (plaintiff).

RYAN, J. On October 4, 1965, an election of town officers was held in the town of Winchester. Among the officers to be elected were seven members of the board of selectmen. Each elector was entitled to vote for five persons for selectmen. The plaintiff, Elmer B. Hurlbut, a Republican, and the defendant J. Arthur Lemelin, Sr., a Democrat, were candidates of their respective parties for the office of selectman. At the conclusion of the election, the moderator announced that Hurlbut had received 1550 votes and Lemelin, 1548 votes and that Hurlbut was duly elected as the seventh selectman of the town. On October 9, 1965, a recanvass of the vote was made pursuant to § 9-311a of the General Stat-

utes (Rev. to 1964). As the result of this recount, the moderator declared that Lemelin had received 1540 votes and Hurlbut, 1537 votes and that Lemelin was elected by a majority of three votes over Hurlbut. On October 13, 1965, Hurlbut presented a petition to a judge of the Superior Court, under § 9-328 of the General Statutes (Rev. to 1964), in which he set out claimed errors of the moderator and claimed errors in the count. The judge, on that day, issued an order to show cause requiring Lemelin and Thomas H. Whyte, the moderator of the election, to appear before him in his chambers in the Superior Court building in Hartford on October 18, 1965, and directed the sheriff to make service on Lemelin and Whyte on or before October 13, 1965. Lemelin then filed a plea in abatement and a motion to erase, making identical claims in each pleading to the effect that a judge of the Superior Court was without jurisdiction to entertain the petition. The judge overruled the plea in abatement, denied the motion to erase, heard the parties on the merits, and rendered judgment that the election had resulted in a tie vote with Hurlbut and Lemelin each receiving 1548 votes. From this decision Lemelin has appealed to this court.

The numerous assignments of error have been reduced in Lemelin's brief to two. In his first assignment of error, Lemelin urges that the trial judge erred in taking jurisdiction of the petition made pursuant to § 9-328 of the General Statutes (Rev. to 1964) and involving a review of the rulings of the moderator rendered on a recanvass of the vote held pursuant to § 9-311a of the General Statutes (Rev. to 1964). Lemelin claims that § 9-328 confers the right of judicial appeal from the rulings of a moderator at an election, but not from his rul-

ings at the recanvass performed after the election under the provisions of § 9-311a.[1] He urges that the election was held on October 4, 1965, and the recanvass on October 9, 1965; that Hurlbut made no claim of aggrievement as to any ruling of the moderator at the election, but only as to his rulings on the recanvass on October 9; and that § 9-328 does not confer jurisdiction on a judge of the Superior Court under these circumstances.

Section 9-328 provides, in part, as follows: "Any person claiming to have been elected to any municipal office . . . but not to have been declared so elected, or any candidate for any such office claiming to have been aggrieved by any ruling of the moderator at an election for any such office, or any such candidate claiming that there has been a mistake in the count of votes cast for any such office

---

[1] "Sec. 9-311a. RECANVASS ON CLOSE VOTE. Within three days after an election wherein the plurality of an elected candidate over the vote for a defeated candidate receiving the next highest number of votes was either (a) less than a vote equivalent to one-half of one per cent of the total number of votes cast for the office but not more than two thousand votes, or (b) less than twenty votes, such defeated candidate or, if he was nominated to a municipal office, the town chairman of his political party, or, if he was nominated to a state or district office or to the office of presidential elector, the state chairman of such party may apply in writing to the clerk of any municipality within which the election was held for a recanvass of the returns of a voting machine or voting machines or absentee ballots used in such election. Thereupon such clerk shall promptly notify the moderator, who shall proceed forthwith to cause a recanvass of such returns in the same manner as is provided in section 9-311. Whenever any such defeated candidate or any such chairman makes application under the provisions of this section, the successful candidate or the town or state chairman of his political party, as the case may be, may apply within four days after the election to the clerk of any other municipality within which the election was held for a similar recanvass of the returns. Nothing in this section shall preclude the right to judicial proceedings on behalf of such defeated candidate under any provision of chapter 149."

at any such election, may, within ten days after the date of election, bring his complaint to any judge of the superior court, in which he shall set out the claimed errors of the moderator or the claimed errors in the count." It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70. Where, as in the present case, the legislative intent is clear, and the language used to express it is unambiguous, there is no room for statutory construction. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773. Section 9-328 provides a right of judicial determination in three different situations: (1) When a person claims to have been elected to a municipal office but has not been declared so elected; (2) where a candidate claims to be aggrieved by any ruling of the moderator at an election for such office; and (3) when a candidate claims that there has been a mistake in the count of votes cast for the office at the election. In his petition, Hurlbut alleged that he was originally declared elected by the moderator on October 4, 1965; that thereafter, by virtue of § 9-311a, there was a recanvass of the votes cast at the election; that certain absentee ballots properly cast for him were disallowed; and that, if they had been allowed, he would have been duly elected a selectman instead of Lemelin being declared elected.

Lemelin claims that the recanvass procedure provided in § 9-311a is not an election, and that it was not the intention of the legislature to confer the

right of judicial appeal from any determination of the moderator at a recanvass. Lemelin overlooks the last sentence of § 9-311a which provides as follows: "Nothing in this section shall preclude the right to judicial proceedings on behalf of such defeated candidate under any provision of chapter 149." Section 9-328 is included in chapter 149 of the General Statutes. There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law. *State* v. *Jordan,* 142 Conn. 375, 378, 114 A.2d 694; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 657, 103 A.2d 535; *Coombs* v. *Darling,* 116 Conn. 643, 646, 166 A. 70. This is particularly so where, as here, at the same session of the legislature in 1963, § 9-311a was enacted and § 9-328 was amended. There is nothing in either statute which requires a construction that, when the provisions of § 9-311a are invoked, any candidate is precluded from obtaining a judicial review as provided in § 9-328. The trial judge was correct in concluding that he had jurisdiction to hear the case, in overruling the plea in abatement, and in denying the motion to erase.

In his remaining assignment of error, Lemelin claims that the trial judge erred in his rulings on two absentee ballots. One of these was counted in favor of Hurlbut and the other was rejected as against Lemelin. In the latter ballot, the elector, in Form I, indicated his desire to vote a straight Democratic ticket and, in Form III, voted for one Democratic candidate for the office of selectman and for three other Democrats for various other offices. Lemelin's name was not listed on the ballot. The trial judge ruled that this ballot could not be counted

for Lemelin. Lemelin urges that, since the elector indicated in Form I that he voted a straight Democratic ticket and since Lemelin was a candidate of the Democratic party for the office of selectman, this was a vote for all Democratic candidates including Lemelin. In accordance with § 9-136 of the General Statutes (Rev. to 1964), each absentee ballot contains the following instructions: "If you wish to vote a straight party ticket, use Form I, inserting in the blank the name of the party whose ticket you wish to vote, and do not use or mark Form II or III. If you wish to vote a split ticket, fill out Form II so as to express clearly your desire, and do not mark or use Form I or III. If you wish to vote for particular persons for particular offices, fill out Form III so as to express clearly your desire and do not mark or use Form I or II." The elector obviously violated the instructions by using both Form I and Form III. Even if this ballot were to be counted, the only reasonable interpretation of the voter's action is that he intended to vote for only four persons, all of them candidates of the Democratic party, to the exclusion of all other candidates of both parties. Since Lemelin was not one of those for whom he voted, the trial judge was correct in not counting the ballot for him.

The trial judge decided that the remaining ballot should be counted for Hurlbut on the basis of § 9-145 of the General Statutes (Rev. to 1964).[2] The

[2] "Sec. 9-145. MARKING OF BALLOTS. . . . A vote for any person whose name is inserted in one of the voting spaces in Form II or Form III shall be counted for that person if there is no question as to the identity of the person for whom the elector directed that his ballot be cast, any incorrect spelling of the name or any failure to insert the full name of such person or office notwithstanding. If the name of any political party is inserted in one of the voting spaces in Form II or Form III, it shall be deemed a vote for the

elector, in filling out the ballot, chose to use Form II, which is available for the purpose of voting a split ticket. In using this form, the elector is directed to indicate, in the space provided, the name of the party whose candidates he supports, and, in the spaces provided below, he is directed to state his exceptions. In the ballot in question, the elector inserted the words "Split ticket" in the space provided for the name of his party and wrote "Democrat" on one side and "Republican" on the other. This was a violation of the voting instructions. It is obviously impossible to have a split-ticket vote when the elector names both parties as the party of his choice. The purpose of Form II is to provide for a vote for all candidates of the party of the elector's choice with certain exceptions. The names of candidates for whom he chooses to vote in their stead are to be inserted in the voting spaces of the first column. The names of persons nominated by his party, for whom he does not desire to vote, are to be inserted in the second column. The title of the office should be stated in the third column. On the ballot in question, the voter compounded the confusion by failing to insert the name of any candidate in the voting spaces in the first column. In the second column, he wrote the names of two candidates for other

---

candidate nominated for such office by that political party. If two or more persons are to be chosen for the same office, and if the name of one person only is inserted in a voting space in Form II, and the name of the candidate whom the voter intended to replace by said person has not also been inserted in the space provided therefor, the vote shall be counted for that office only for the person whose name is so inserted, any party designation inserted elsewhere in such form to the contrary notwithstanding. No absentee ballot shall be rejected as a marked ballot unless such ballot, in the opinion of the moderator, was marked in such way for the purpose of providing a means for its identification."

offices, together with the titles of such offices. In the third column, designated for the title of the office, the elector inserted the names of Hurlbut and two other candidates for selectmen, one of whom was a Democrat and the other a Republican. In the same column was the name of a Democratic candidate for constable.

" 'Where the legislature in express terms says that a ballot shall be void for some cause, the courts must undoubtedly hold it to be void; but no voter is to be disfranchised on a doubtful construction, and statutes tending to limit the exercise of the ballot should be liberally construed in his favor. Unless a ballot comes clearly within the prohibition of some statute it should be counted, if from it the wish or will of the voter can be ascertained.' *State* v. *Bossa,* 69 Conn. 335, 341, 37 A. 977; *Flanagan* v. *Hynes,* 75 Conn. 584, 588, 54 A. 737; *Moran* v. *Bens,* 144 Conn. 27, 32, 127 A.2d 42." *Scully* v. *Westport,* 145 Conn. 648, 651, 145 A.2d 742.

In adopting the liberal provisions of § 9-145, it was the intention of the legislature to avoid disfranchisement of an elector when the name of the candidate is inserted in a voting space if there is no question as to the identity of the candidate for whom the elector directed that his ballot be cast. The ballot in question did not contain the name of any candidate for selectman in the voting spaces of the first column. Furthermore, it is not possible to determine the intention of the elector as to the names of the candidates placed in the third column. It is our conclusion that under the circumstances the ballot is invalid. The trial judge was in error in counting this ballot for Hurlbut. The total vote cast for Lemelin is 1548. The total vote cast for Hurlbut is 1547.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant J. Arthur Lemelin, Sr.

In this opinion the other judges concurred.