NELS GENE HOLMQUIST *v.* JOHN R. MANSON,
COMMISSIONER OF CORRECTION

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 14—decision released April 29, 1975

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*James W. Greene, Jr.,* for the appellee (plaintiff).

LONGO, J.  The facts of this appeal are not in dispute.  The plaintiff was arrested on November 12, 1969, and charged with murder.  He was arraigned in the Superior Court in New Haven on the same day, denied bail and held in custody under a mittimus.  On August 3, 1970, a jury found the accused guilty of murder in the second degree and, on August 21, the court sentenced him to life imprisonment.  He remained in custody under the mittimus from the date of his arrest until the date of his sentencing, a total of 282 days.  Upon the refusal of the defendant, the commissioner of correction, to credit the plaintiff with the period of time spent in custody prior to sentencing, the plaintiff petitioned the Superior Court to issue a writ of mandamus ordering the defendant commissioner to credit the plaintiff's life sentence with 282 days for parole consideration.  The court, after hearing, granted the petition and the defendant has appealed from that judgment.

The agreed issue presented in this appeal is whether the plaintiff, who was sentenced to life imprisonment, is entitled to credit for presentence

confinement, commonly referred to as "jail time," under the provisions of General Statutes §§ 18-97 and 18-98. In determining this issue, we also consider §§ 54-125 and 18-7.

Section 18-97[1] in its relevant portions grants a "credit" towards the prison or jail sentence of "any person" for days spent in custody under a mittimus awaiting trial and sentencing or any other proceeding. Section 18-98[2] grants a similar credit to "any person" who has been denied bail by the court or who has been unable to obtain bail. Section 54-125[3]

[1] "[General Statutes] Sec. 18-97. CREDIT TOWARDS FINE OR SENTENCE FOR A PERIOD SPENT IN CUSTODY UNDER MITTIMUS. Any person receiving a fine or a sentence to a correctional institution . . . shall receive credit towards any portion of such fine . . . or . . . sentence . . . for any days spent in custody under a mittimus as a result of any court proceeding for the offense or acts for which such fine or sentence is imposed, provided he shall conform to the rules of the institution. Upon notification from the commissioner of correction, the clerk of the court shall enter such credit . . . upon the mittimus in the case of a sentence and it shall be the duty of the agency or person that held such person under such mittimus to inform the clerk of the court of the proper amount of such credit. . . ."

[2] "[General Statutes] Sec. 18-98. COMMUTATION OF SENTENCE FOR PERIOD DURING WHICH BAIL WAS DENIED OR UNAVAILABLE. Any person who has been denied bail or who has been unable to obtain bail and who is subsequently imprisoned is entitled to commutation of his sentence by the number of days which he spent in a community correctional center from the time he was denied or was unable to obtain bail to the time he was so imprisoned. The commissioner of correction shall, if such person has conformed to the rules of the institution, credit such person with the number of days . . . which . . . such person was confined . . . between the denial of bail to him or his inability to obtain bail and his imprisonment."

[3] "[General Statutes] Sec. 54-125. PAROLE. Any person confined . . . for an indeterminate sentence, after having been in confinement under such sentence for not less than the minimum term, or, if sentenced for life, after having been in confinement under such sentence for not less than twenty-five years, less such time, not exceeding a total of five years, as may have been earned under the provisions of section 18-7, may be allowed to go at large on parole . . . ."

is concerned with the statutory provisions pertaining to an inmate's eligibility to appear before the parole board for consideration. That statute allows "any person," if sentenced for life, to be paroled after he has been confined for not less than twenty-five years, less "good time" not exceeding five years, as may have been earned under § 18-7 of the General Statutes. Under the provisions of § 18-7, the so-called good-time-earned statute, any inmate may, by good conduct and obedience to the rules of the correctional institution, earn a diminution or commutation of his sentence amounting to sixty days for each year, and, in addition, five days of each month, as a meritorious time service award for exemplary conduct and meritorious achievement.

The defendant commissioner claims that under the provisions of §§ 54-125 and 18-7, an inmate serving a life sentence is required to serve a minimum of twenty years *after* the day of sentencing before he becomes eligible for parole consideration, i.e., twenty-five years under the minimum sentence, less five years' maximum earned or "good" time as provided in § 18-7. It is the defendant's contention that the trial court erred in crediting 282 days of presentence confinement since such credit reduced the plaintiff's minimum term below the twenty years required by §§ 54-125 and 18-7.

In considering the relevant statutes, it is a cardinal rule of construction that statutes are to be construed so that they carry out the intention of the legislature. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70.

Where the legislative intent is clear, and the language used to express it is unambiguous, there is no room for statutory construction. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773.

The legislative intent is clearly expressed in § 18-97; therefore, there is no necessity for statutory construction. The legislature, in using the words "any person," unambiguously intended that all prison inmates serving sentences in all correctional institutions are entitled to be credited with whatever period of time they served while held in custody awaiting trial and sentencing because of a court-ordered mittimus. A similar legislative intent is expressly stated in § 18-98 to grant all inmates, who are denied bail or are unable to obtain bail, credit for "jail time" spent awaiting trial and sentencing. Both statutes are mandatory and require automatic administrative action and procedure. The language of both statutes is inclusive and indicates no intention to exclude inmates who are serving life sentences. The words used in expressing the legislative intent are to be given their commonly approved meaning, unless a contrary intent is clearly expressed. General Statutes § 1-1; *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 522, 134 A.2d 351.

It is not the purpose of §§ 18-97 and 18-98 to reduce the time a prisoner must serve pursuant to a sentence, as is the purpose of § 18-7, the "good-time" statute. Rather, the purpose of the "jail-time" statutes is to give recognition to the period of pre-sentence time served and to permit the prisoner, in

effect, to commence serving his sentence from the time he was compelled to remain in custody due to a mittimus (§ 18-97) or because of the court's refusal to allow bail or the defendant's inability to raise bail (§ 18-98).

In contradistinction to "jail time," "good time" is a commutation of a sentence, affecting an inmate's parole and discharge dates, thereby serving an important rehabilitative function by allowing an inmate the opportunity to earn an earlier release for himself. See *McGinnis* v. *Royster,* 410 U.S. 263, 271, 35 L. Ed. 2d 282, 93 S. Ct. 1055. Thus "jail time" is fundamentally distinct from "good time," and the defendant's interpretation of § 54-125 as limiting the amount of both to five years would contradict the express language of §§ 18-97 and 18-98.

There is no error.

In this opinion LOISELLE, MacDONALD and BOGDANSKI, Js., concurred.

HOUSE, C. J. (dissenting). I do not agree with the conclusion that an inmate serving a life sentence is entitled to credit under the provisions of § 18-97 of the General Statutes for any days spent in custody before trial. Rather, I would follow the reasoning expressed by the Superior Court in *Kimbro* v. *Manson,* 30 Conn. Sup. 20, 295 A.2d 569, and the " 'well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling.' *Kepner* v. *United States,* 195 U.S. 100, 125, 24 S. Ct. 797, 49 L. Ed. 114." *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 110, 214 A.2d 354. My conclusion is buttressed by the fact that § 18-97, of general

application, was adopted as § 1 of the 1969 Public Acts, No. 735, and thereafter, as § 30 of the 1973 Public Acts, No. 73-116, the General Assembly reenacted the specific provision now contained in § 54-125 of the General Statutes that "[a]ny person confined in the Connecticut Correctional Institution, Somers . . . if sentenced for life, after having been in confinement under such sentence for not less than twenty-five years, less such time, not exceeding a total of five years, as may have been earned under the provisions of section 18-7, may be allowed to go at large on parole in the discretion of the panel of the board of parole."

To allow an inmate serving a life term credit in excess of the time earned for good behavior runs directly counter to the repeated and latest specific expression of the legislative intent that in the absence of action by the board of pardons such an inmate must serve a minimum of twenty-five years less only good behavior time in a maximum amount of five years.