### State of Connecticut *v.* Robert Rao

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued June 8—decision released September 14, 1976

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellant (state).

*John R. Williams,* for the appellee (defendant).

House, C. J. The defendant was charged with possession of a cannabis-type substance, marihuana, with intent to sell or dispense it, in the town of

Hamden on September 12, 1974, in violation of Public Acts 1974, No. 74-332, § 2 (b) (now General Statutes § 19-480 [b]).[1] The defendant filed a motion to quash the information claiming that the statute he allegedly violated denied him equal protection of the law contrary to the provisions of the fourteenth amendment to the constitution of the United States and § 20 of article first of the constitution of Connecticut. "The Connecticut constitutional provision has 'a like meaning to that in the fourteenth amendment to the constitution of the United States which prohibits the states from denying to any person the equal protection of the laws.' *Lyman* v. *Adorno,* 133 Conn. 511, 515, 52 A.2d 702." *Kellems* v. *Brown,* 163 Conn. 478, 485, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678. He claimed the denial on the grounds that the General Assembly had irrationally classified, for penalty purposes, marihuana with, among other substances, amphetamines and barbiturates which are generally considered to be much more harmful to the individual than marihuana. The trial court agreed with the defendant's contention and concluded that the legislative grouping or classification of these substances for penalty purposes violated the equal protection clauses of both constitutions.

---

[1] "[General Statutes] Sec. 19-480. PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. . . . (b) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance other than a hallucinogenic substance other than marihuana, or a narcotic substance except as authorized in this chapter, may, for the first offense, be fined not more than one thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than five thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned. . . ."

It, accordingly, granted the defendant's motion to quash. Pursuant to the provisions of § 54-96 of the General Statutes, the trial court granted the request of the state for permission to appeal its ruling to this court and, on motion duly filed, we ordered that the appeal be expedited. See Practice Book § 762.

The basic controlling principles of law are well settled. "Equal protection analysis must commence with a determination of whether a legislative classification . . . impinges upon a fundamental right. Where the legislation impinges upon a fundamental right . . . it must be struck down unless justified by a compelling state interest. *Dunn* v. *Blumstein*, 405 U.S. 330, 335, 342, 92 S. Ct. 995, 31 L. Ed. 2d 274. Where the statute does not involve fundamental rights . . . the legislation will withstand constitutional attack if the distinction is founded on a rational basis. *McGinnis* v. *Royster*, 410 U.S. 263, 270, 93 S. Ct. 1055, 35 L. Ed. 2d 282; *Dandridge* v. *Williams*, 397 U.S. 471, 484, 485, 90 S. Ct. 1153, 25 L. Ed. 2d 491; *F. S. Royster Guano Co.* v. *Virginia*, 253 U.S. 412, 415, 40 S. Ct. 560, 64 L. Ed. 989; *In re Application of Griffiths*, 162 Conn. 249, 258, 294 A.2d 281, rev'd, 413 U.S. 717, 93 S. Ct. 2851, 37 L. Ed. 2d 910; see *Douglas* v. *California*, 372 U.S. 353, 358, 83 S. Ct. 814, 9 L. Ed. 2d 811." *Laden* v. *Warden*, 169 Conn. 540, 542, 363 A.2d 1063; *Liistro* v. *Robinson*, 170 Conn. 116, 124, 365 A.2d 109. Because the possession for sale and the trafficking in marihuana are not fundamental constitutional rights, the rational basis test is the one applicable in this case and is the test which the trial court purported to apply. A party contesting a statute's constitionality has a heavy burden to establish unconstitutionality beyond a reasonable

doubt. *Kellems* v. *Brown,* supra, 486; *Adams* v. *Rubinow,* 157 Conn. 150, 152, 251 A.2d 49. The question of classification is primarily one for the legislature, and the courts will not interfere unless a classification presented by statute is clearly irrational and unreasonable. *State* v. *Zazzaro,* 128 Conn. 160, 166, 20 A.2d 737.

There had previously been tried in the United States District Court for the District of Connecticut the case of *United States* v. *Maiden,* 355 F. Sup. 743. In that case, the same argument advanced by the defendant in this case with respect to the Connecticut statutory classification was made to the federal court with respect to the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841. There is no material difference so far as classification is concerned between the federal and state statutes. One convicted of possession for sale or sale of marihuana under either statute is subject to the same maximum penalty—seven years under § 19-480 (b) and five years under 21 U.S.C. § 841 (b) (1) (B)—as one convicted of the sale of amphetamines or barbiturates. In both the federal and state laws, the controlled drugs are classified in a lesser category with less severe penalties than narcotic substances[2] which are also treated similarly under both laws—General Statutes § 19-480 (a) and 21 U.S.C. § 841 (b) (1) (A). In

---

[2] Prior to the enactment in 1974 of Public Act No. 74-332 (now General Statutes § 19-480) marihuana, the barbiturates and the amphetamines were all treated the same as narcotic substances were. Public Act No. 74-332 lessened the penalties for the sale of the non-narcotic "controlled drugs," marihuana, the barbiturates and amphetamines.

an unusual procedure, the parties stipulated that the evidence which had been submitted to the United States District Court in the *Maiden* case should be considered as the defendant's evidence in the present case. This was introduced in the form of transcripts of the testimony of expert witnesses who had testified for the defense in the *Maiden* case, which transcripts were marked as an exhibit. In neither case did the prosecution present any evidence. Having considered the same evidence and tested the constitutionality of what are essentially the same legislative provisions containing the same classifications of controlled drugs and applying the same "rational basis" test, the courts reached opposite conclusions. The trial court concluded, as has no other court so far as we have been able to determine, that a legislature which provides similar penalties for the possession with intent to sell marihuana, barbiturates and amphetamines has acted irrationally. It is this ultimate conclusion which the state has assigned as error.

It appears that most of the courts which have considered the classification of marihuana for penalty purposes in the light of equal protection provisions have done so in relation to its classification with narcotic substances. The great majority of them have held that there is sufficient reason for the legislature to classify marihuana with even the more potent and harmful narcotics, based on present medical understanding of the drugs, and that if any change is to be made in this classification it should be accomplished by legislative action rather than by

judicial fiat. See *United States* v. *Kiffer,* 477 F.2d 349, 355–57 (2d Cir.); *State* v. *Wadsworth,* 109 Ariz. 59, 505 P.2d 230; *People* v. *Summit,* 183 Colo. 421, 517 P.2d 850; *State* v. *Kantner,* 53 Haw. 327, 493 P.2d 306, cert. denied, 409 U.S. 948, 93 S. Ct. 287, 34 L. Ed. 2d 218; *Commonwealth* v. *Leis,* 355 Mass. 189, 243 N.E.2d 898; *State* v. *Stock,* 463 S.W.2d 889 (Mo.); *State* v. *White,* 153 Mont. 193, 456 P.2d 54; *State* v. *Nugent,* 125 N.J. Super. 528, 312 A.2d 158.

We find ourselves in agreement with the decision of the court in the *Maiden* case which, as we have noted, was reached after considering the same evidence. What the court, Newman, J., said in that case is equally pertinent to this case, substituting "the General Assembly" for "Congress": "The premise of defendant's first two contentions is that the Equal Protection Clause requires legislators to scale penalties in proportion to the danger of the conduct penalized. The premise is not sound. In setting penalties, Congress is not limited to an assessment of harm. Even if barbiturates and amphetamines pose greater health hazards than marijuana, Congress is entitled to conclude that the pervasiveness of marijuana distribution justifies an equivalent maximum penalty or that such penal purposes as general deterrence will be appropriately served by such a penalty. Nor is Congress required to take an all or nothing approach to drug regulation. Marijuana, however relatively slight a health hazard it may be to the total population, is a drug that can cause euphoria at low dosages and hallucinogenic reaction at higher dosages among most users . . . . Congress can rationally conclude

that . . . traffic in such a drug should be prohibited by a . . . [seven] year penalty. This judgment is not rendered irrational because a similar penalty is established for distribution of more dangerous substances, nor because other drugs with capacity for harm are not prohibited. The legislative judgment concerning alcohol and nicotine may well have taken into account the degree to which their dangers are known, the adverse consequences of prohibition, and the economic significance of their production. Whether such factors should lead to similar judgments concerning marijuana is within legislative discretion." *United States* v. *Maiden,* 355 F. Sup. 743, 747 (D. Conn.).

We are also in accord with the observations of the Second Circuit Court of Appeals in *United States* v. *Kiffer,* supra, 352: "Any court asked to undertake review of the multifarious political, economic and social considerations that usually underlie legislative prohibitory policy should do so with great caution and restraint. In this case, the challenged legislation incorporates conclusions or assumptions concerning an array of medical, psychological and moral issues of considerable controversy in contemporary America. Indeed, as a recent perceptive study suggests, 'Marijuana, in fact, has become the symbol of a host of major conflicts in our society, each of which exacerbates any attempt at a rational solution to the problem.' J. Kaplan, Marijuana–The New Prohibition 3 (1970). This should serve as a reminder that in most instances the resolution of such sensitive issues is best left to the other branches of government."

In our opinion, the trial court misconceived its function in reaching its decision in this case. On the

basis of the testimony of expert witnesses on behalf of the defendant and its own studies, the court concluded that marihuana has virtually no harmful effect on the human system. It thus decided to its own satisfaction a debatable medical issue and with no apparent consideration of all the various factors involved in combating the wide-spread drug traffic and problems of drug abuse concluded that the General Assembly had acted irrationally. As the Court of Appeals for the District of Columbia stated in a similar case concerning the question of equal protection of the law involved in the case of a marihuana offender: "The court weighed this evidence and resolved the conflict to its own satisfaction. If this were a hearing or a trial turning upon the determination of facts upon which there was conflicting testimony, such procedure was, of course, correct. But a holding that a legislative enactment is invalid cannot rest upon a judicial determination of a debatable medical issue. Any party assailing the constitutionality of a statute has the heavy burden of demonstrating that it has no rational basis." *United States* v. *Thorne,* 325 A.2d 764 (Wash., D.C.). "Where the existence of a rational basis for legislation whose constitutionality is attacked depends upon facts beyond the sphere of judicial notice, such facts may properly be made the subject of judicial inquiry. . . . But by their very nature such inquiries, where the legislative judgment is drawn in question, must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it." *United States* v. *Carolene Products Co.,* 304 U.S. 144, 153, 154, 58 S. Ct. 778, 82 L. Ed. 1234.

As the cases we have already cited clearly indicate, there is at least a rational basis for the inclu-

sion of marihuana among controlled drugs for penalty purposes. That Congress acted rationally in adopting the same classification as that now attacked by the defendant has been expressly decided. See *United States* v. *Kiffer,* 477 F.2d 349 (2d Cir.) and *United States* v. *Rodriquez-Camacho,* 468 F.2d 1220 (9th Cir.). As the court stated in the latter case (p. 1222): "Congress has concluded that '. . . controlled substances have a substantial and detrimental effect on the health and general welfare of the American people.' Appellant urges that this assertion is inapplicable to marijuana. This is a matter, however, whose ultimate resolution lies in the legislature and not in the courts. It is sufficient that Congress had a rational basis for making its findings."

In the *Kiffer* case, the Second Circuit Court of Appeals considered reports to Congress from the National Commission on Marijuana. It is not without significance that another report, "Marijuana and Health, Fourth Annual Report to Congress from the Secretary of Health, Education and Welfare, DHEW Publication No. (ADM) 75-181, printed 1974," was submitted on a date subsequent to the 1973 date when the evidence in the *Maiden* case (the transcripts of which case were the only "evidence" submitted to the trial court in this case) was presented. The court in *Kiffer* concluded (pp. 353–55) that "recent discussions of this issue suggest that the present state of knowledge of the effects of marihuana is still incomplete and marked by much disagreement and controversy. . . . It is true that the rationale for the criminalization of marihuana has shifted over time. . . . This, however, does not negate the possibility that the justification now principally relied upon may have some

merit. . . . [T]he question before us is a narrow one. It is whether it can fairly be said that Congress acted irrationally in prohibiting the commercial distribution of marihuana. We believe that the answer to that question is no."

In view of the ongoing dispute regarding the potential effects of the use of marihuana, the magnitude of the current problems associated with the use of and traffic in illegal drugs, the obvious care with which the General Assembly has drafted and revised chapter 359 of the General Statutes relating to dependency-producing drugs and the presumption of constitutionality which applies to its enactments, we conclude that the trial court erred in holding that § 19-480 (b) is so irrational and unreasonable as to violate the equal protection clauses of the United States and Connecticut constitutions.

There is error, the ruling of the Superior Court granting the motion of the defendant to quash the information is reversed and the case is remanded to the Superior Court for further proceedings in accordance with law.

In this opinion LOISELLE, LONGO and BARBER, Js., concurred.

BOGDANSKI, J. (concurring in the result.) On the evidence before it the trial court found that marihuana was less harmful than alcohol and tobacco and significantly less harmful than amphetamines and barbiturates, and those findings were fully supported by the evidence.[1] Those findings would fully support the court's conclusion of unconstitu-

---

[1] Despite several requests by the court to do so, the state failed to put in any evidence.

tionality had the statute before it been one concerned with mere possession of marihuana and not one concerned with its distribution.

Possession of marihuana, its private use, and what is done with it in the confines of the home is one thing: distribution and marketing of marihuana, however, is another matter. If the statute under scrutiny dealt with possession alone, the principal question would be whether the harmful effects of marihuana are so much less than those associated with the other enumerated drugs so as to make their classification together irrational. The legislature's decision to limit the marketing and distribution of marihuana, however, involves considerations beyond the question of whether the substance is harmful to the individual user. The avoidance of large scale sales to the public for a profit, the avoidance of sales to children, and a desire to limit the widespread use of marihuana are among the reasons which could rationally support the legislature's classification.

With all due deference to the evidence and the finding of the trial court, it is that basic distinction between the possession and distribution of marihuana which compels my concurrence with the result of the majority.