MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G A 12 Manchester. Docket No. CR12-115436, CR12116360, CR12116361.
Brian M. O'Connell, Esq. For the Petitioner.
John M. Bailey, Esq. State's Attorney for the State
BY THE DIVISION CT Page 1171
After pleading guilty petitioner was convicted of two counts of sale of narcotics in violation of Connecticut General Statutes section 21a-277(a) and one count of illegal possession of narcotics in violation of Connecticut General Statutes section21a-279(a). On each count petitioner was sentenced to fifteen years with the execution suspended after seven years and probation for four years with special conditions.
All sentences were to run concurrently for a net effective sentences of fifteen years execution suspended after seven years and probation four years as indicated.
The facts underlying the first two counts indicate that on two separate occasions petitioner sold cocaine to an undercover officer for $50.00. The third count was based upon a search of petitioner's residence pursuant to a warrant.
Petitioner, a drug addicted individual with a minor criminal record, entered his pleas of guilty with an understanding that the maximum sentence would not exceed fifteen years.
At the hearing, petitioner's attorney pointed out that his client had been confined for a long period of time prior to sentencing. At the sentencing it was pointed out to the judge that petitioner had been incarcerated for seven months on the pending charges, and the judge was asked to take this into consideration in imposing sentence.
It has been confirmed and agreed to by the state that the sentencing judge was aware of petitioner's confinement and, in imposing sentence, the judge assumed that petitioner would get credit for this confinement or "jail time". Connecticut General Statutes section 18-98d, Laden v. Warden, 169 Conn. 540,541 (1975).
It is also agreed that due to petitioner's bail bond situation he failed to get credit for two hundred and six days of "jail time".
As the state's attorney correctly pointed out, if the sentence was imposed based upon a faulty assumption but was objectively fair, equitable and not disproportionate it would not have to be reduced. Here, however, where the length of pretrial incarceration was raised at least twice, by counsel at the sentencing and it is agreed that the judge considered this factor in the imposition of sentence a reduction would be appropriate.
It is therefore determined that the sentence is inappropriate in light of the rehabilitative, isolative and denunciatory purposes for which it was imposed. CT Page 1172
Accordingly the matter is remanded for resentencing by reducing the seven year sentence to be served by two hundred six days.
PURTILL, J.
KLACZAK, J.
NORKO, J.
Purtill, J., Klaczak, J., and Norko, J., participated in the decision.