This is a motion to dismiss an information pursuant to 815 of the Practice Book.
The defendant was charged with contempt of court by a judge of the Superior Court pursuant to sections 985 and 986(4) of the Practice Book.
The defendant is before the Court on a four-count information for allegedly violating and disobeying lawful orders of the Court.
Sections 985 and Section 986(4) state the following:
 Section 985, "A criminal contempt is conduct that is directed against the dignity and authority of the court. The sanction for a criminal contempt is punitive in order to vindicate the authority of the Court."
 Sec. 986(4) "Any person disobeying in the course of a civil or criminal proceeding any order of a judicial authority."
Practice Book Sections 985 and 986(4).
Section 51-33 C.G.S. states, "Punishment for contempt of court. Any Court, including a family support magistrate, may punish by fine and imprisonment any person who in its presence behaves contemptuously or in a disorderly manner, but no court or family support magistrate may impose a greater fine than one hundred dollars or a longer term of imprisonment than six months or both. Connecticut General Statutes 51-33.
Section 51-33a states:
 Criminal Contempt. (a) any person who violates the dignity and authority of any court in its presence or so near thereto as to obstruct the administration of justice, or any officer of any court who misbehaves in the conduct of his official duties shall be guilty of contempt and shall be fined not more than five hundred dollars and imprisoned not more than six months or both. Connecticut General Statutes 51-33a.
The Supreme Court carefully pointed out that when the legislature entrenches upon the jurisdiction of the Superior Court, such act is unconstitutional. Szarwak v. Warden, 167 Conn. 10, (1974).
As was stated in State v. Clemente, cited below, "the General Assembly lacks any power to make rules of administration, practice or procedure which are binding on either the Supreme Court or the Superior Court." State v. Clemente, 166 Conn. 501, 507
(1974), but see the dissenting opinion, and See Sec. 741 of the Practice Book.
The classification of crimes, however, is for the legislature. State v. Dupree, 196 Conn. 655, 665 (1985), State v. Rao,171 Conn. 600, 603 (1976).
The legislature did not classify 986(4) in Section 51-33 or Section 51-33a; nor provide a penalty for 986(4).
 Section 53a-2. Application and Scope (Penal Code). The provisions of this title shall apply to any offense defined in this title or the general statutes unless otherwise expressly provided or unless the context otherwise requires, and committed on or after October 1, 1971, and to any defense to prosecution for such an offense.
Conn. Gen. Statutes 53a-2.
Section 53a-2 applies to all Sections of the General Statutes. State v. Perruccio, 192 Conn. 154, 160 (1984).
 ". . . . it must be remembered that the constitution assigns to the legislature the power to enact laws defining crimes and fixing the degree and method of punishment and to the judiciary the power to try offenses under these laws and impose punishment within the limits and according to the methods therein provided."
State v. Daiden, 171 Conn. 677, 679 (1976).
The motion to dismiss pursuant to section 815(8) of the Practice Book is granted.
BINGHAM, JUDGE.