125 N.J. Super. 528 (1973)
312 A.2d 158
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BRUCE J. NUGENT AND ALLAN C. MORRILL, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1973.
Decided November 26, 1973.
*530 Before Judges CARTON, SEIDMAN and GOLDMANN.
Mr. Emerson L. Darnell argued the cause for appellants (Messrs. Darnell and Scott, attorneys).
Mr. Howard Drucks, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
Defendants appeal their conviction for possession of narcotic drugs (marijuana and hashish) after a *531 non-jury trial. They had been indicted on December 21, 1970 for violating N.J.S.A. 24:18-4, part of the then Uniform Narcotic Drug Law. That act was repealed on October 19, 1970 by the Controlled Dangerous Substances Act, N.J.S.A. 24:21-1 et seq., effective January 17, 1971. The trial and conviction came late in 1972.
Defendants unsuccessfully moved before trial to suppress the evidence on the ground of unreasonable search and seizure. They also moved for dismissal of the indictment, challenging the constitutionality of N.J.S.A. 24:18-4. This motion, too, was denied, and we denied leave to appeal from that ruling.
Following the trial, each defendant was sentenced to three months in the county jail, sentence being suspended, and ordered to pay a $250 fine. They filed timely notice of appeal.
The brief presented on defendants' behalf and which projects the four points about to be discussed is largely devoted to the pharmacological, physiological and sociological aspects of marijuana. However commendable, the presentation does not convince us that a reversal is in order.
Defendants first claim that the Uniform Narcotic Drug Law under which they were prosecuted violates N.J. Const. (1947), Art. IV, § VII, par. 4, which provides, in part, that
To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title. * * *
They characterize the title as misleading or deceptive, confusing the public concerning "the true relationship between marijuana and narcotic drugs." They assert that a constitutionally proscribed mixing occurred in that marijuana was classed as a narcotic. Their contention is that their motion to dismiss the indictment should therefore have been granted and that their convictions must be set aside as constitutionally improper.
*532 The State is correct when it states that in order for a law to conform to the requirement that its title so express its object as not to be misleading, it is of paramount importance to determine whether the legislators and the public at large were given notice of the subject area with which the legislation deals. See Bucino v. Malone, 12 N.J. 330, 343 (1953). Mere generality or comprehensiveness of a title will not render a statute ineffectual. Courts will give liberal treatment to a title so as to validate the law to which it appertains, whenever such course is reasonably practical. Public Service Electric and Gas Co. v. Camden, 118 N.J.L. 245, 250-251 (Sup. Ct. 1937).
The title of the Uniform Drug Law reads, "An act defining and relating to narcotic drugs, making uniform the law with relation thereto, and providing penalties for violations thereof." Marijuana is included as a narcotic drug in the definition section of the act, N.J.S.A. 24:18-2. What defendants argue is that marijuana is not properly classifiable as a narcotic, and this leads them into an exposition of the pharmacology of the matter. The question, however, is strictly a legal one. The 1933 Legislature, following the lead of the commissioners on uniform state laws, believed that marijuana was properly includable among narcotic substances.
A second argument advanced by defendants is that the former act under which they were convicted violates their right to equal protection of the law. It discriminates, they say, against those who possess marijuana, for there are substances far more harmful, or equally harmful, that are not prosecuted  e.g., alcohol, mescaline and peyote.
The simple answer is that a legislature has broad classification powers, Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963), which in due course may legitimately affect some groups of citizens differently than others, McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). As the State points out, *533 the fact that a problem at which legislation aims might have been dealt with by a statute that would have included other persons or classes does not violate the equal protection clause. The reason is that "a State may `direct its law against the evil as it actually exists without covering the whole field of possible abuses, and it may do so none the less that the forbidden act does not differ in kind from those that are allowed.'" Hughes v. Superior Court, 339 U.S. 460, 468, 70 S.Ct. 718, 723, 94 L.Ed. 985 (1950). In short, a legislature is not obliged to deal with all matters at one time; there is nothing that compels it to deal with the entire field, in all its ramifications and with all its refinements and possible exceptions. Dandridge v. Williams, 397 U.S. 471, 486, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). And see State v. Smith, 58 N.J. 202, 207 (1971); State v. Young, 57 N.J. 240, 249 (1970), cert. den. 402 U.S. 929, 91 S.Ct. 1527, 28 L.Ed.2d 863 (1971). Moreover, a court should not set aside a law on the ground that it is allegedly of discriminatory nature, where any state of facts can reasonably be conceived to justify it. McGowan v. Maryland, above.
The courts in Commonwealth v. Leis, 355 Mass. 189, 243 N.E.2d 898 (Sup. Jud. Ct. 1969), and State v. Kantner, 53 Haw. 327, 493 P.2d 306 (1972), cert. den. 409 U.S. 948, 93 S.Ct. 287, 34 L.Ed.2d 218 (1972), dealt with precisely the argument defendants now advance, and in each case the statute was held constitutional.
Defendants also challenge the classification in the Uniform Narcotic Drug Law by pointing to the fact that marijuana was reclassified by the Controlled Dangerous Substances Act. Reclassification is not conclusive proof of an irrational prior classification. The fact that the Legislature considered marijuana to be more appropriately classed with the substances enumerated in the later act is not inapposite to its prior classification also having had a rational basis.
The third argument advanced by defendants is that they have a fundamental right, protected by the First, Fourth, *534 Ninth and Fourteenth Amendments to the United States Constitution, to possess marijuana, free of any governmental intrusion. They maintain that since N.J.S.A. 24:18-4 prohibits private possession of marijuana by adults for their private use, it is unconstitutional because it intrudes into purely private conduct. They rely heavily on Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), but that case dealt with a clear First Amendment right  a person's right to possess and look at obscene material in the privacy of his own home. If defendants are correct in their contention, what of a situation involving private possession and use of heroin, a drug which they readily admit is a narcotic? We are not here concerned with what can beyond any doubt be considered as a fundamental right, secured by the Constitution. The cases defendants would rely on deal with just such rights.
The standard to be applied in determining whether a fundamental constitutional right exists is that the reviewing court must look to "the `traditions and [collective] conscience of our people' to determine whether a principle is `so rooted [there] as to be ranked as fundamental.'" Griswold v. Connecticut, 381 U.S. 479, 493, 85 S.Ct. 1678, 1686, 14 L.Ed.2d 510 (1965). The right to possess marijuana or hashish hardly qualifies as a fundamental right.
As a last point, defendants maintain that the trial judge erred in denying their pretrial motion to suppress. We find nothing to this claim. The state trooper had the right to stop the car in which defendants were riding when he observed that there was a hanging license plate and broken light lens. The fact that they were subsequently found not guilty of a motor vehicle violation does not impugn the propriety of the initial stop, which eventually led to discovery of the drugs in question. See State v. Griffin, 84 N.J. Super. 508 (App. Div. 1964).
The trial judge had the opportunity of hearing and seeing the witnesses and to have a feel of the case which we, as a *535 reviewing court, do not enjoy. We find no abuse of discretion in his acceptance of the trooper's testimony and in denying the suppress motion.
The State has not cross-appealed as to the validity of the sentence. Its time to do so has expired; consequently, we do not pass upon that question.
The judgments of conviction are affirmed.