236 N.J. Super. 69 (1989)
564 A.2d 128
STATE OF NEW JERSEY, PLAINTIFF,
v.
LARRY HARRISON, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Salem County.
Decided May 11, 1989.
Richard F. O'Brien, III, for plaintiff (Frank J. Hoerst, III, Prosecutor of Salem County, Attorney).
Arthur F. Sewall, for defendant.
*70 TELSEY, P.J. Cr.
This case presents an important and long-standing issue of whether a motor vehicle is subject to a police stop under the Fourth and Fourteenth Amendments when the stop is predicated solely upon "tinted" windows.
On January 27, 1986, at 10:30 a.m., a New Jersey state trooper observed a 1973 Buick, bearing New York tags, traveling east on Route 40 in Carneys Point Township, Salem County. The trooper observed tinted windows on the vehicle, so he stopped it at milepost 1. While explaining to the driver and sole occupant, defendant Larry Harrison, that the only reason for the stop was the tinted windows, and demanded his credentials, the trooper observed a black bag in the rear passenger compartment with the butt of a revolver protruding from it. Harrison was ordered to exit the vehicle. The trooper then entered it and removed a .38 caliber revolver from the bag. The driver was charged with violating N.J.S.A. 2C:39-5b for having in his possession a handgun without first having obtained a permit to carry the same. He was also issued a motor vehicle warning for tinted windows in violation of N.J.S.A. 39:3-74. Defendant moves to suppress the evidence seized on the ground that the initial stop of the vehicle was illegal, because it violated the standards in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), for allowable motor vehicle stops.
The United States Supreme Court has held that:
except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. Id., 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673.
The sole issue to be determined at the suppression hearing is whether tinted windows on a motor vehicle constitute an articulable and reasonable suspicion that the vehicle is *71 subject to seizure for violation of the law. This court finds that it does not.
N.J.S.A. 39:3-74 provides, in pertinent part, as follows:
No person shall drive any motor vehicle with any sign, poster, sticker or other non-transparent material upon the front windshield, wings, deflectors, side shields, corner lights adjoining windshield or front side windows of such vehicle other than a certificate or other article required to be so displayed by statute or by regulations of the commissioner.
No person shall drive any vehicle so constructed, equipped or loaded as to unduly interfere with the driver's vision to the front and to the sides.
The plain meaning of N.J.S.A. 39:3-74 is to prohibit the operation of motor vehicles which have non-transparent material attached to window glass that would interfere with the driver's vision. The statute, in pertinent part, prohibits one from driving a vehicle that has attached to its window signs, posters, stickers or other non-transparent material. The statute does not expressly or impliedly prohibit materials that are transparent or that restrict the ability to see into the vehicle. It only prohibits the use of non-transparent material when it interferes with the driver's vision out of the vehicle. The term "transparent" means having the quality of transmitting light without appreciable scattering so that bodies lying beyond are entirely visible. Webster's Collegiate Dictionary (7 ed). Conversely, non-transparent means lacking the quality of transmitting light so that bodies lying beyond are either invisible or unrecognizable. Tinted windows are not a non-transparent material within the dictionary definition of the term.
N.J.S.A. 39:3-74 was enacted in 1921, and has not been amended since 1937. Since tinted window technology was not developed until some years thereafter, the Legislature could have simply amended N.J.S.A. 39:3-74 to specifically include tinted windows within the proscription of the statute if it was the intention of the Legislature to prohibit tinted windows. Before penal sanctions can apply, the proscribed conduct must be clearly within the purview of the statute. Any doubts concerning the application or meaning of the statute must be resolved in favor of defendant. It must be strictly construed. *72 State v. Blackman, 125 N.J. Super. 125 (App.Div. 1973). As a matter of statutory construction, it is clear that tinted glass does not fall within the proscription of N.J.S.A. 39:3-74.
The state trooper concluded that tinted windows was a violation of N.J.S.A. 39:3-74 under all circumstances. However, his subjective conclusion is not a relevant factor. The Prouse Court held that an automobile stop constituted a seizure under the Fourth and Fourteenth Amendments of the United States Constitution. The New Jersey Supreme Court has determined that an objective standard, rather than an officer's subjective evaluation, must be used in determining the constitutionality of a search and seizure. State v. Bruzzese, 94 N.J. 210 (1983).
Since defendant violated no provision of the motor vehicle act or any other law, the trooper's subjective belief that tinted windows constituted a violation of the law does not satisfy the objectively reasonable test of Bruzzese. The initial stop was therefore invalid. The trooper's plain view observation of the handgun was a direct result of the invalid stop. Therefore, his seizure of the handgun must be suppressed under the exclusionary rule as "the fruits of the poisonous tree." Wong Sun vs. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Subsequent to the 1937 amendment of N.J.S.A. 39:3-74, the federal government enacted regulations governing the use of tinted windows on motor vehicles. 49 C.F.R. 571.205. 15 U.S.C.A. § 1392(d) expressly provides for federal pre-emption of a conflicting state motor vehicle regulation. Therefore, any interpretation or amendment of N.J.S.A. 39:3-74 placing tinted windows within the proscription of the statute would be invalid by federal pre-emption.
Even if one were to assume arguendo that tinted windows was proscribed by N.J.S.A. 39:3-74, N.J.S.A. 39:3-15 would render the statute inoperative as to this defendant. N.J.S.A. 39:3-15 provides in pertinent part as follows:

*73 A non-resident owner of any motor vehicle ... which has been registered in accordance with the laws respecting the registration of motor vehicles of the jurisdiction in which the non-resident resides, and which has conspicuously displayed thereon the registration number thereof, may, without complying with the provisions of this subtitle with respect to registration and equipment, operate or permit the operation of such vehicle in this state....
Defendant Harrison is a resident of the State of New York. The motor vehicle was registered in New York and had New York tags conspicuously displayed thereon. Therefore, by virtue of the provisions of N.J.S.A. 39:3-15, Harrison was free to operate the vehicle in New Jersey without being obligated to comply with New Jersey statutes regulating equipment. New Jersey residents have similar rights in New York. People v. Driscoll, 56 Misc.2d 220, 288 N.Y.S.2d 158 (Ct. 1968). Since defendant Harrison was exempt from complying with New Jersey vehicle equipment laws, there was no justification for the trooper to stop his vehicle for having tinted windows. Since the initial stop was invalid, the subsequent seizure of the handgun must be suppressed under the exclusionary rule as the "fruit of the poisonous tree." Wong Sun v. U.S., supra.