Defendants will submit an order.

620 A.2d 468

STATE OF NEW JERSEY, PLAINTIFF, v. ANTHONY OBERLTON AND ANTHONY WATSON, DEFENDANTS.

Superior Court of New Jersey
Law Division Camden County

Decided December 4, 1992.

*Aaron D. Denker* for defendant Anthony Oberlton (*Taylor, Denker and Boguski,* attorneys).

*James Klein*, First Assistant Public Defender of New Jersey for defendant Anthony Watson (*Zulima V. Farber*, Public Defender of New Jersey, attorney).

*Sally Smith*, Assistant Prosecutor for State of New Jersey (*Grace Calamita*, Legal Intern) (*Edward Borden*, Camden County Prosecutor for the State of New Jersey, attorney).

STEINBERG, J.S.C.

I write this opinion in order to express my respectful disagreement with the opinion of another trial court in *State v. Harrison*, 236 *N.J.Super.* 69, 564 *A.*2d 128 (Law Div.1989) and therefore hold that tinted windows on a motor vehicle do give rise to an articulable and reasonable suspicion of a motor vehicle violation and therefore justify a police stop of the vehicle.

These are the facts. On March 1, 1992 a Camden City Police Officer pulled over a white Toyota occupied by the defendants because it had tinted material on the windshield. Neither the driver nor the passenger were able to produce a drivers license upon request. In addition, the last name of the registered owner was different from that of the driver and passenger.

The defendants were instructed to exit the car and were placed in the back of the patrol car while the officer was attempting to sort out the facts such as ownership of the vehicle and whether the unlicensed driver and passenger had a right to be in the vehicle. At the same time, the driver, Anthony Oberlton, was asked for permission to search the vehicle and was specifically advised of the fact that he need not consent to the search. Consent was obtained, and a subsequent search revealed a loaded .22 caliber handgun located below the passenger seat. The defendants were then arrested for possession of a handgun in violation of *N.J.S.A.* 2C:39–5(b) and have filed this motion to suppress.

Defendants rely upon *State v. Harrison, supra* in support of their contention that *N.J.S.A.* 39:3–74 does not expressly or

impliedly prohibit materials that are non-transparent or that restrict the ability to see into the vehicle. That statute provides, in pertinent part, as follows:

"No person shall drive any motor vehicle with any sign, poster, sticker, or other non-transparent material upon the front windshield, wings, deflectors, side shields, corner lights, adjoining windshield or front side windows of such vehicle other than a certificate or other article required to be so displayed by statute or by regulations of the commissioner.

No person shall drive any vehicle so constructed, equipped or loaded as to unduly interfere with the driver's vision to the front and to the sides."

■ It is true that the *Harrison* court held that that statute does not expressly or impliedly prohibit materials that are transparent or that restrict the ability to see into the vehicle and that that court held that tinted windows are not a nontransparent material within the dictionary definition of the term. Initially, since *Harrison* is an opinion of a trial court I am not required to follow it because I am not bound by a decision of a court of coordinate jurisdiction. See *State v. Hudes*, 128 *N.J.Super.* 589, 321 *A.*2d 275 (*Cty.Ct.*1974) and *State v. Mundy*, 113 *N.J.Super.* 308, 273 *A.*2d 620 (*Cty.Ct.*1970), *aff'd* 113 *N.J.Super.* 301, 273 *A.*2d 617 (App.Div.1971). More importantly, I respectfully disagree with the reasoning set forth in *Harrison.* While it is arguable that the statute does not apply to tinted windows, the *Harrison* court did not at all consider the applicability of the Administrative Code, specifically *N.J.A.C.* 13:20–33.6 which specifically prohibits the use of tinted materials that do not meet certain standards. That provision of the Administrative Code has been in effect since 1985, and applies to the material affixed to the windshields in this case.

■ *Harrison, supra,* also refers to the fact that the Federal Government has enacted regulations governing the use of tinted windows on motor vehicles, 49 *C.F.R.* 571.205, and that 15 *U.S.C.A.* § 1392(d) expressly provides for federal pre-emption of a conflicting state motor vehicle regulation. However, that section goes on to provide that "nothing in this section shall be construed as preventing any state from enforcing any safety standards which are identical to a Federal Safety Stan-

dard." New Jersey standards do not conflict with the federal standards. In fact, they are virtually identical. Accordingly, it is my opinion that a motor vehicle stop based upon a police officer's conclusion that the tinted windows violate New Jersey law is a valid stop.[1]

■■ A law enforcement officer may stop a motorist in those situations in which there is at least an articulable reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is subject to seizure for violation of the law. *Delaware v. Prouse,* 440 *U.S.* 648, 99 *S.Ct.* 1391, 59 *L.Ed.2d* 660 (1979), *State v. Murphy,* 238 *N.J.Super.* 546, 570 *A.*2d 451 (App.Div.1990) and *State v. Nugent,* 125 *N.J.Super.* 528, 312 *A.*2d 158 (Law Div. 1973). Having concluded that the transparent material on the windshield violated New Jersey law I therefore also conclude that the stop of the motor vehicle was proper. Even if it were later determined that the equipment did not violate New Jersey law that would not invalidate the stop. A motorist may be stopped and detained whenever there is a reasonable and articulable suspicion that a motor vehicle violation has occurred. *State v. Murphy, supra* and *State v. Nugent, supra.* Those cases further hold that the fact that the defendant is subsequently found not guilty of the motor vehicle violation does not impugn the propriety of the stop. *State v. Murphy, supra,* 238

---

[1] I recognize the fact that this case is distinguishable from *Harrison* in that *Harrison* involved a vehicle registered in New York with New York tags and that under the provisions of *N.J.S.A.* 39:3–15 a non-resident owner of any motor vehicle which is registered in accordance with the laws respecting the registration of motor vehicles in his home state and which has so conspicuously displayed thereon the registration number thereof may, without complying with the provisions of this subtitle with respect to registration and equipment, operate or permit the operation of such vehicle in this state. However, I write this opinion to clearly establish the fact that a motor vehicle stop based upon a reasonably articulable suspicion that there are tinted windows on the vehicle is a valid stop. In addition, for the reasons to be set forth later in this opinion the mere fact that the officer may have been subjectively wrong in his opinion would not require a different result.

*N.J.Super.* at 553, 570 *A.*2d 451 and *State v. Nugent, supra,* 125 *N.J.Super.* at 534, 312 *A.*2d 158.

 Defendants further contend that even if the initial stop was valid, the officer had no right to detain the defendants in the vehicle and, therefore, the consent to search was the fruit of the poisoned tree and therefore invalidly obtained, citing *Wong Sun v. U.S.,* 371 *U.S.* 471, 83 *S.Ct.* 407, 9 *L.Ed.*2d 441 (1963). I disagree. A temporary detention does not necessarily constitute an arrest. A limited field detention in order to continue a limited investigation as to ownership of a motor vehicle, and more particularly, whether the particular occupants have the right to be in the motor vehicle when neither of them could produce a license and neither of them had a name similar to the name of the registered owner of the vehicle does not constitute an arrest, and is not constitutionally improper. See *State v. Binns,* 222 *N.J.Super.* 583, 537 *A.*2d 764 (App.Div. 1988). See also *State v. Bell,* 89 *N.J.Super.* 437, 215 *A.*2d 369 (App.Div.1965). There is no absolute test as to when an arrest occurred. The action of the police officer must be evaluated in the context of the circumstances in which it takes place. *State v. Bell, supra* at 443, 215 *A.*2d 369. In the present case, the investigating officer was authorized to stop the car and to arrest the driver because of a violation of the Motor Vehicle Act which he observed. *N.J.S.A.* 39:5–25. Having made that stop he was also authorized to temporarily detain the occupants pending an investigation as to ownership and authority to operate a motor vehicle. Therefore, the fruit of the poisoned tree doctrine simply does not apply.

 As a result, the subsequent search which uncovered the weapon was valid. It is well settled that a police officer may conduct a search without a warrant and without probable cause when the search is conducted pursuant to a valid consent. *U.S. v. Matlock,* 415 *U.S.* 164, 94 *S.Ct.* 988, 39 *L.Ed.*2d 242 (1974) and *State v. Douglas,* 204 *N.J.Super.* 265, 498 *A.*2d 364 (App.Div.1985). A consent is validly obtained if it is voluntarily

given without coercion, coupled with knowledge of the defendant of the right to refuse to consent. *State v. Johnson,* 68 *N.J.* 349, 346 *A.*2d 66 (1975).

In deciding whether the consent is voluntarily and knowingly made, without coercion the court must look at the totality of the circumstances in which the consent was given. *State v. King,* 84 *N.J.Super.* 297, 201 *A.*2d 758 (App.Div.1965). The defendant was specifically advised by the officer that he had the right to refuse to consent and the defendant signed a consent to search form which specifically advised him that there is a constitutional right not to have a search and a lawful right to refuse to consent to such search. Under these circumstances, I find that the consent was freely and voluntarily given and is therefore valid. *State v. Johnson, supra.*

For the reasons above indicated the motion is hereby denied.