790 A.2d 202 (2002)
347 N.J. Super. 375
STATE of New Jersey, Plaintiff-Appellant,
v.
Joel H. COHEN, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 4, 2001.
Decided February 5, 2002.
*203 Lynch, Teitelbaum and Geldhauser, Brick, attorneys for appellant (Howard S. Teitelbaum, of counsel and on the brief).
Glenn Berman, Middlesex County Prosecutor, attorney for respondent (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, LINTNER and PARKER.
The opinion of the court was delivered by LINTNER, J.A.D.
On December 29, 1999, at approximately 3:06 a.m., East Brunswick Police Officer Christopher J. Soke, while on patrol, observed defendant, operating a black Mitsubishi 2000, cross his lane of travel after making a left turn onto Tice's Lane. Soke noticed that the driver-side window was tinted black, preventing him from seeing inside the vehicle. Considering the tint to constitute a significant obstruction, Soke stopped the vehicle and then observed that the passenger-side window had the same extremely dark-black tint as did the driver-side window. From his observation of the windows, Soke's concluded that the tint which was applied to the windows was an after-market product. In response to a question by Soke, defendant acknowledged that he was aware that tinted driver and passenger-side windows were illegal. Soke also ascertained that defendant was under the influence, and issued summonses for driving while intoxicated (DWI), N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and obstruction of windows, N.J.S.A. 39:3-74.[1]
Defendant moved to suppress the evidence, contending that the stop was not legal. The municipal court judge denied defendant's motion, after which defendant entered a conditional plea of guilty to the DWI charge. Defendant was fined $250 and his driver's license was suspended for a period of six months. On a trial de novo appeal, a Law Division judge denied defendant's motion to suppress, finding that the stop was justified based upon the officer's reasonable belief that the tinted windows constituted a violation of a motor vehicle statute. Defendant raises the following point on appeal:
THE TINTED WINDOW ON DEFENDANT'S CAR DID NOT PROVIDE A REASONABLY OBJECTIVE BASIS UNDER THE FOURTH AMENDMENT FOR STOPPING DEFENDANT.
A. SINCE TINTED WINDOWS DO NOT VIOLATE NEW JERSEY LAW, THERE WAS NO OBJECTIVELY *204 REASONABLE BASIS TO STOP DEFENDANT.
B. BECAUSE OFFICER SOKE DID NOT CHECK TO SEE IF DEFENDANT'S VEHICLE HAD A NEW JERSEY LICENSE PLATE, THERE WAS NO OBJECTIVELY REASONABLE BASIS TO STOP DEFENDANT.
We disagree and affirm.
Both the Fourth Amendment of the United States Constitution and Article I, paragraph 7, of the New Jersey Constitution protect citizens "against unreasonable searches and seizures...." U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7. Reasonableness is the touchstone of the Fourth Amendment. State v. Bruzzese, 94 N.J. 210, 217, 463 A.2d 320 (1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984). Investigatory stops of automobiles are justified by a reduced expectation of privacy of an occupant of an automobile. United States v. Martinez-Fuerte, 428 U.S. 543, 561, 96 S.Ct. 3074, 3084-85, 49 L.Ed.2d 1116, 1130 (1976). Generally, a police officer may stop a motor vehicle where there is a reasonable or articulable suspicion that a motor vehicle violation has occurred. Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); State v. Carter, 235 N.J.Super. 232, 237, 561 A.2d 1196 (App. Div.1989); State v. Nugent, 125 N.J.Super. 528, 534, 312 A.2d 158 (App.Div.1973); State v. Griffin, 84 N.J.Super. 508, 516, 202 A.2d 856 (App.Div.1964).
The "community caretaking function" may also be implicated where something abnormal is observed concerning the operation of a motor vehicle. State v. Martinez, 260 N.J.Super. 75, 78, 615 A.2d 279 (App.Div.1992). In Martinez, a motorist was observed traveling at less than ten miles per hour in a twenty-five mile an hour zone at 4:00 a.m. We observed in Martinez that such abnormal conduct suggests a number of objectively reasonable concerns: (a) something might be wrong with the car; (b) something might be wrong with its driver; (c) a traffic safety hazard is presented to drivers approaching from the rear when an abnormally slow moving vehicle is operated at night on a roadway, without flashers; (d) there is some risk that the residential neighborhood is being "cased" for targets of opportunity. Ibid. We also recognized that the first three concerns triggered the "community caretaking function," while the fourth implicated the "common-law right to inquire" based upon a founded suspicion that criminal activity might be afoot. Ibid.
Defendant points out that there is a split of authority in two published Law Division opinions, State v. Harrison, 236 N.J. Super. 69, 564 A.2d 128 (Law Div.1989) and State v. Oberlton, 262 N.J.Super. 204, 620 A.2d 468 (Law Div.1992), concerning whether N.J.S.A. 39:3-74, the amended charge for which defendant was initially stopped, prohibits the use of tinted windows and can form the basis for a proper stop. He contends that tinted windows are not a violation of N.J.S.A. 39:3-74 and therefore the stop was invalid. N.J.S.A. 39:3-74 provides in pertinent part:
No person shall drive any motor vehicle with any sign, poster, sticker or other non-transparent material upon the ... front side windows of such vehicle other than a certificate or other article required to be so displayed by statute or by regulations of the commissioner.
No person shall drive any vehicle so constructed, equipped or loaded as to unduly interfere with the driver's vision to the front and to the sides.
The defendants in Harrison and Oberlton were both stopped, based upon the observations of a police officer that the vehicles *205 they were operating had tinted windows.[2] After each stop, the officer found handguns and the defendants were arrested for possession without a valid permit, N.J.S.A. 2C:39-5b. In Harrison, the judge found that N.J.S.A. 39:3-74, which was enacted in 1921 and last amended in 1937, did not proscribe tinted windows because the technology did not emanate until years subsequent to 1937, and the Legislature had not amended the statute. Harrison, supra, 236 N.J.Super. at 71-72, 564 A.2d 128. He also concluded that the statute only prohibits non-transparent material and does not include tinted windows, which are transparent, albeit restrictive to the ability to see into the vehicle. Ibid.[3]
Judge Steinberg came to the opposite conclusion in Oberlton, noting that (1) N.J.A.C. 13:20-33.6,[4] which specifically prohibited the use of tinted material that did not meet certain standards, became effective in 1985, and (2) 49 C.F.R. § 571.205 established federal regulations governing the use of tinted windows, which preempted conflicting state motor vehicle regulations under 15 U.S.C.A. § 1392(d).[5]
Although we use this opportunity to expressly adopt Judge Steinberg's opinion in Oberlton insofar as it holds that N.J.S.A. 39:3-74 prohibits the use of tinted windows which fail to meet the applicable standard now set forth in N.J.A.C. 13:20-33.7, we likewise agree with his conclusion that it matters not whether the equipment used violates N.J.S.A. 39:3-74, because the fact that a defendant is later found not guilty does not denigrate the propriety of the initial stop so long as it is based upon a reasonable articulable suspicion that a motor vehicle violation has occurred. State v. Williamson, 138 N.J. 302, 304, 650 A.2d 348 (1994); State v. Murphy, 238 N.J.Super. 546, 553-54, 570 A.2d 451 (App.Div. 1990); Nugent, supra, 125 N.J.Super. at 534, 312 A.2d 158. N.J.A.C. 13:20-33.7(d) provides in pertinent part:
A motor vehicle ... shall not be certified which has tinted spray or plastic material added to previously approved glazing in the front windshield or windows... because such condition changes the vision and light transmission properties of the glazing in areas where driver visibility shall not be obscured or obstructed.
Here, the officer's reasonable suspicion, based upon his initial observation that the windows were so darkly tinted as to obstruct vision, was confirmed after he stopped the vehicle and determined that the side windows had been darkened by an after-market product.
In yet a third, recently published decision, a Family Part judge expressly disagreed with the decision in Oberlton that tinted material alone can justify a motor vehicle stop. In re R.M. and J.M., 343 N.J.Super. 153, 156-157, 777 A.2d 1041 (2001). Although we overrule the decision in R.M. and J.M., insofar as it departs *206 from Oberlton, we note that the judge in R.M. and J.M. properly found that the circumstances of the stop he was considering were not based upon the arresting officer's reasonable articulable suspicion that defendant's vehicle violated the provisions of either the statute or administrative code, but instead upon a personal decision to profile and stop every vehicle with tinted windows. Id. at 160, 777 A.2d 1041.
We are also satisfied that the officer's belief that the darkly-tinted windows represented a significant obstruction, even if not violative of Title 39, is a sufficient reason to implicate "the community caretaking function" and permit inspection of what appears to be a hazardous vehicular condition that deviates from the norm. Whether based upon the "community caretaking function" expected of an alert police officer or "the common law right to inquire," established by a reasonably-founded suspicion that the driver has violated a motor vehicle statute, the stop which is the subject of this appeal, when balanced against the minimal intrusion involved in a simple inquiry stop, passes constitutional muster. Martinez, supra, 260 N.J.Super. at 78, 615 A.2d 279.
Defendant's remaining point, that the stop was not objectively reasonable because the officer failed to check to see if defendant was driving an out-of-state vehicle, is without merit. In State v. Forgione, 265 N.J.Super. 63, 625 A.2d 557 (App.Div. 1993), we pointed out the exemption afforded N.J.S.A. 39:3-15, which allows non-resident owners of motor vehicles registered in other states from complying with New Jersey equipment requirements, does not preclude an officer from making a stop and requiring the driver to produce registration and driving credentials when the police officer observes an out-of-state licensed vehicle with an equipment violation. Furthermore, because the federal equipment standards apply equally to out-of-state vehicles, there is no reciprocity under N.J.S.A. 39:3-15 to an out-of-state resident who fails to comply.
Affirmed.
NOTES
[1] Originally defendant was mistakenly issued a summons for selling or using unapproved equipment, N.J.S.A. 39:3-77, which was later amended without objection to obstruction of windows, N.J.S.A. 39:3-74.
[2] In State v. Harrison, the vehicle had tinted windows and was stopped by a New Jersey State Trooper, whereas in State v. Oberlton, the vehicle had a tinted windshield and was stopped by a Camden City Police Officer.
[3] It should be noted, however, that at the time Harrison was decided, N.J.A.C. 13:20-33.7, Obstruction to Driver's View, was in effect. This section, effective November 3, 1975, essentially mirrored the language of N.J.S.A. 39:3-74, except that it omitted the qualifying adjective "non-transparent," on which the judge relied. That qualifier was later added to the section on November 15, 1999, when it was recodified as N.J.A.C. 13:20-33.8.
[4] N.J.A.C. 13:20-33.6, Glazing, was amended on November 15, 1999 and recodified as N.J.A.C. 13:20-33.7.
[5] N.J.A.C. 13:20-33.6 did not conflict with the standard established by 49 C.F.R. § 571.205.