**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1880-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHEED ELEY,

    Defendant-Appellant.

_____

       Argued September 19, 2017 — Decided October 18, 2017

       Before Judges Hoffman and Gilson.

       On appeal from Superior Court of New Jersey,
       Law Division, Essex County, Indictment No. 14-
       01-0024.

       Margaret McLane, Assistant Deputy Public
       Defender, argued the cause for appellant
       (Joseph E. Krakora, Public Defender, attorney;
       Ms. McLane, of counsel and on the briefs).

       Emily R. Anderson, Deputy Attorney General,
       argued the cause for respondent (Christopher
       S. Porrino, Attorney General, attorney; Ms.
       Anderson, of counsel and on the brief;
       Jennifer E. Kmieciak, Deputy Attorney General,
       on the brief).

PER CURIAM

Following the denial of his motion to suppress, defendant Rasheed Eley pled guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). In accordance with his plea agreement, the court sentenced defendant to a five-year state prison term with a forty-two month period of parole ineligibility; on January 29, 2016, the court amended defendant's prison term to forty-two months. Defendant now appeals, challenging a March 30, 2015 Law Division order denying his motion to suppress. We affirm.

I.

An Essex County grand jury charged defendant with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count one), and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count two). Thereafter, defendant filed a motion to suppress. The court conducted an evidentiary hearing on the motion.

At the hearing, the State presented testimony from Detective Carlos Alvarado of the Newark Police Department's Gangs and Narcotics Unit. According to Detective Alvarado, he and a partner were on a "proactive patrol" on the evening of November 5, 2013. At approximately 8:45 p.m., he noticed a parked car with its engine idling and two occupants. He further stated he believed the car had illegal tinted windows, so he activated his overhead lights

and sirens and pulled behind the vehicle. Three other detectives also stopped to assist.

According to Detective Alvarado, as he approached the vehicle, defendant opened his door, at which point the detective requested defendant produce his driving credentials. Defendant then attempted to leave the vehicle, but the detective ordered him to remain inside. Detective Alvarado then directed his flashlight into the car and saw a handgun in the center console. He signaled this discovery to his fellow detectives, and then retrieved the gun as the other detectives arrested defendant. Detective Alvarado further testified that another detective issued defendant a summons for the tinted windows.

A.W., a friend of defendant for ten years, testified on behalf of the defense and provided a markedly different account from Detective Alvarado. According to A.W., defendant was coming to visit him. As defendant parked his car across the street from his house, A.W. said "like five or six police cars pulled up next to him. . . . I just seen the cops jump out with [their] guns and told him and the guy he was in the car with, 'Get out.'" He stated the detectives then removed defendant and his passenger from the car, "started searching the car," and ultimately found "the gun" in defendant's trunk.

A-1880-15T2

In her oral opinion, the motion judge found the State met its burden in demonstrating, by a preponderance of the evidence, that the detectives performed a lawful motor-vehicle stop, and pursuant to the stop, found the handgun in plain view. Accordingly, the judge denied defendant's motion to suppress. While the judge did not make an express finding as to credibility, this court infers the judge implicitly credited Detective Alvarado's testimony over A.W.'s.[1] Before finding the State had met its burden, the judge reviewed in detail the factors to consider in making credibility findings. The judge also made clear she found "no actual contradiction between Detective Alvarado's written report memorializing what happened that night and his testimony before this court." Based upon our review of the judge's entire opinion, we are satisfied the judge credited Detective Alvarado's testimony.

This appeal followed, with defendant arguing:

POINT I

THE COURT ERRED IN DENYING THE MOTION TO SUPRESS. THE STATE FAILED TO ESTABLISH THAT THE CAR'S TINTED WINDOWS WERE ILLEGAL, POSSESSION OF A HANDGUN WAS NOT ILLEGAL AT THE

---

[1] "[A] trial court's factual findings . . . should not ordinarily be disturbed where 'there is substantial evidence to support [its] implicit finding[s].'" State v. Locurto, 157 N.J. 463, 471 (1999) (quoting Meshinsky v. Nichols Yacht Sales, Inc. 110 N.J. 464, 475 (1988)).

TIME THE GUN WAS SEIZED, AND THERE WAS NO JUSTIFICATION TO SEIZE THE HANDGUN FROM INSIDE MR. ELEY'S CAR.

We reject these contentions and affirm.

## II.

Our review of a trial judge's decision on a motion to suppress is limited. State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011), certif. denied, 209 N.J. 430 (2012). In reviewing a motion to suppress evidence, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Lamb, 218 N.J. 300, 313 (2014) (citing State v. Elders, 192 N.J. 224, 243 (2007)). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). We do not, however, defer to a trial judge's legal conclusion, which we review de novo. State v. K.W., 214 N.J. 499, 507 (2013) (citing Manalapan Realty, LP v. Twp Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Applying these standards, we discern no reason to disturb the judge's ruling.

A.

The United States and New Jersey Constitutions permit a brief investigative stop of a vehicle based on reasonable suspicion "that an offense, including a minor traffic offense, has been or is being committed." State v. Amelio, 197 N.J. 207, 211 (2008) (quoting State v. Carty, 170 N.J. 632, 639-40, modified by 174 N.J. 351 (2002), cert. denied, 556 U.S. 1237, 129 S. Ct. 2402, 173 L. Ed. 2d 1297 (2009)). An investigatory stop "is valid if it is based on specific and articulable facts which, taken together with rational inferences from those facts, give rise to a reasonable suspicion of criminal activity." State v. Mann, 203 N.J. 328, 338 (2010) (quoting State v. Pineiro, 181 N.J. 13, 20 (2004)). "The burden is on the State to demonstrate by a preponderance of the evidence that it possessed sufficient information to give rise to the required level of suspicion." Amelio, supra, 197 N.J. at 211 (citing Pineiro, supra, 181 N.J. at 19-20).

Reasonable suspicion of "[a] motor[-]vehicular violation, no matter how minor, justifies a stop [even] without any reasonable suspicion that the motorist has committed a crime or other unlawful act." State v. Bernokeits, 423 N.J. Super. 365, 370 (App. Div. 2011). "To satisfy the articulable and reasonable suspicion standard, the State is not required to prove that the suspected motor-vehicle violation occurred." Locurto, supra, 157 N.J. at

470. That is "the State need prove only that the police lawfully stopped the car, not that it could convict the driver of the motor-vehicle offense." State v. Heisler, 422 N.J. Super. 399, 413 (App. Div. 2011) (quoting State v. Williamson, 138 N.J. 302, 304 (1994)) (superseded by Rule 3:23-8(a), which regards the Law Division's review of municipal appeals).

The State must also show that an officer has an objective belief that a traffic violation actually occurred. State v. Puzio, 379 N.J. Super. 378, 383-84 (App. Div. 2005). However, "the fact that information an officer considers is ultimately determined to be inaccurate . . . does not invalidate a seizure." State v. Pitcher, 379 N.J. Super. 308, 318 (App. Div. 2005), certif. denied, 186 N.J. 242 (2006).

Here, Detective Alvarado testified he stopped defendant's car because he observed the vehicle had tinted front and side windows, which he described as "a motor[-]vehicle infraction." Notably, this court held in State v. Cohen, 347 N.J. Super. 375, 380 (App. Div. 2002), "that N.J.S.A. 39:3-74 prohibits the use of tinted windows [that] fail to meet the applicable standard now set forth in N.J.A.C. 13:20-33.7." Moreover, "it matters not whether the equipment used violates N.J.S.A. 39:3-74, because the fact that a defendant is later found not guilty does not denigrate the propriety of the initial stop so long as it is based upon a

reasonable articulable suspicion that a motor[-]vehicle violation has occurred." Ibid.

As such, the State need not establish that the car's windows were tinted with "non-transparent material," as defendant argues. Rather, the State need only demonstrate, as the record reflects, that Detective Alvarado had a reasonable suspicion the car's windows were illegally tinted. Accordingly, defendant's argument lacks merit, and we affirm the trial court's holding regarding the stop's legality.

B.

A warrantless search is presumptively invalid unless the State demonstrates the search "falls within a recognized exception to the warrant requirement." State v. Wright, 221 N.J. 456, 468 (2015). Here, the detectives justified their seizure of the handgun using the plain view exception. The rationale for the plain view doctrine is that "a police officer lawfully in the viewing area" need not "close his [or her] eyes to suspicious evidence in plain view." State v. Johnson, 171 N.J. 192, 207 (2002) (quoting State v. Bruzzese, 94 N.J. 210, 237 (1983), overruled in part by State v. Gonzales, 227 N.J. 77 (2016)). For the plain view exception to apply, the State must show that "the officer [was] lawfully . . . in the area where he [or she] observed and seized the incriminating item or contraband, and it must be

immediately apparent that the seized item is evidence of a crime."
State v. Evans, 449 N.J. Super. 66, 82-83 n.7 (App. Div.) (quoting
Gonzales, supra, 227 N.J. at 101) certif. granted, ____ N.J. ____
(2017).

Here, defendant argues his possessing the handgun did not immediately evidence a crime because New Jersey's gun amnesty law,[2] which allowed those in possession of illegal guns to legally dispose of them within 180 days, shielded him. L. 2013, c. 117. Notably, defendant raises this issue for the first time on appeal. Our Supreme Court recently addressed this issue in Harper, and held, "A defendant . . . has the burden to raise the defense at trial." Harper, supra, 229 N.J. at 241. Defendant's failure to raise this issue in the trial court constitutes a waiver of this defense.[3]

---

[2] "The Legislature passed an amnesty bill in 2013 that, 'for a period of not more than 180 days from the effective date of [the] act,' L. 2013, c. 117, enabled people to dispose of guns they possessed illegally. During that time, the law allowed individuals to transfer or voluntarily surrender firearms." State v. Harper, 229 N.J 228, 231-32 (2017).

[3] Even if defendant had invoked this defense in the Law Division, it did not present defendant with a viable defense since it is illegal to transport a firearm if it is not, "unloaded and contained in a closed and fastened case, gunbox, securely tied package, or locked in the trunk of the automobile in which it is being transported." N.J.S.A. 2C:39-6g.

In contrast, the record before us supports the motion judge's findings confirming the existence of the revised plain view factors under <u>Gonzales</u>.[4] The judge's determination of Detective Alvarado's credibility is sufficient to establish that he was lawfully in the viewing area investigating the car's tinted windows. Furthermore, the illicit nature of the handgun was immediately obvious to Detective Alvarado, based on his training and experience as a police detective. Accordingly, we find that the motion judge correctly denied defendant's motion to suppress evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] "In <u>Gonzales</u>, . . . our Supreme Court reviewed the plain view exception to the warrant requirement under Article I, Paragraph 7 of the New Jersey Constitution [and] discarded the prior requirement that evidence be discovered inadvertently to conform to federal jurisprudence." <u>Evans</u>, <u>supra</u>, 449 <u>N.J. Super.</u> at n.7 (citing <u>Gonzales</u>, <u>supra</u>, 227 <u>N.J.</u> at 95-97, 99-101).

A-1880-15T2