**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1959-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VICTOR F. HUERTAS,

     Defendant-Appellant.

_____

Submitted October 17, 2019 - Decided October 25, 2019

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 17-03-0853 and 15-06-1721.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody Tyler Mason, Assistant Deputy Public Defender, of counsel and on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Kevin Jay Hein, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Victor F. Huertas appeals from the November 29, 2017 judgment of conviction entered after a guilty plea subsequent to the denial of his motion to suppress evidence of a warrantless search of his vehicle. He also challenges his sentence. We affirm in all respects, but remand for correction of the judgment of conviction to reflect the appropriate jail credits.

In 2016, Cherry Hill Township Police Officer James Harmon stopped a GMC Yukon sports utility vehicle (SUV) operated by defendant. Harmon observed defendant's vehicle traveling on the right-hand shoulder of a highway, for some distance, attempting to overtake traffic before merging into the right-most lane. When Harmon approached the vehicle, he smelled burnt marijuana coming from the passenger compartment.

Harmon asked defendant to step out of his car, informed him he could smell the marijuana "plain as day," and asked if there were any illegal items in the vehicle. Defendant responded a friend smoked marijuana in the car earlier, but claimed there was nothing else in the car. Harmon informed defendant he had probable cause to search the vehicle. Defendant cooperated and stepped out of the vehicle as Harmon searched the passenger compartment.

A-1959-17T3

According to Harmon, the search of the passenger compartment uncovered "a significant quantity of heroin or cocaine" and "rubber bands and bags everywhere." Harmon administered Miranda[1] warnings to defendant and asked him if he was on his way to "make a drop," or if he was dealing drugs out of the car. Defendant volunteered that he was dealing drugs out of his car. A search of the rear passenger compartment yielded a bag, which contained bags of rice,[2] a blender, a scale, and a brownish powder substance.

Officer Harmon then searched the rear cargo area of the vehicle and discovered three guns inside a black trash bag: an Uzi style machine gun, a sawed-off shotgun, and a smaller compact handgun. Defendant was arrested.

Defendant filed a motion to suppress the evidence obtained during the search. He argued Harmon did not have probable cause to make the initial traffic stop and therefore the subsequent search and arrest were improper. The motion judge found there was a reasonable, articulable suspicion to stop defendant because Harmon's testimony established defendant did not merely drift into the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Based on his training and experience, Harmon testified heroin is often packaged and stored in rice because it acts like a desiccant and keeps the drug free from contamination.

A-1959-17T3

shoulder of the highway, but was driving on it, which constituted a motor vehicle violation.

The judge found Harmon testified credibly because "he is well[-]spoken, he is articulate" and his "body language exuded that of someone with confidence." She noted Harmon conducted over 100 car searches throughout his career involving the seizure of marijuana. She found Harmon had probable cause to search defendant's car when he smelled burnt marijuana. The judge denied the suppression motion.

Thereafter, in accordance with a plea agreement, defendant pled guilty to one count of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). Pursuant to the plea agreement, the motion judge sentenced defendant to eight years' incarceration, with a five-year period of parole ineligibility, to run concurrently with a previously-negotiated sentence of four years of probation with 270 days incarceration on a separate indictment. Defendant's plea resulted in a violation of probation (VOP), which was imposed pursuant to defendant's guilty plea on third-degree drug distribution charges in 2015. As a result, the judge revoked and terminated probation, and sentenced defendant to a three-year term of incarceration to run concurrently with the plea sentence, and accorded defendant 510 days of jail credit on the VOP.

A-1959-17T3

Defendant raises the following arguments on appeal:

POINT I - THE MOTION COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE BECAUSE THE OFFICERS DID NOT HAVE PROBABLE CAUSE TO SEARCH THE CAR TRUNK.

POINT II – A REMAND IS REQUIRED BECAUSE THE SENTENCING COURT DID NOT EXPLAIN THE SENTENCE, DID NOT HEAR FROM DEFENSE COUNSEL, AND WITHHELD EARNED JAIL CREDIT.

A. A Remand Is Required Because the Court Did Not Adequately Explain the Eight-Year Sentence Imposed.

B. Resentencing Is Required Because the Court Imposed Sentence Without Hearing from Defense Counsel.

C. A Remand Is Required to Award Defendant Additional Jail Credit and Prior Service Credit for His 2015 Conviction.

I.

"When reviewing a claim with respect to an issue of suppression, a reviewing court must accept the factual findings made by the trial court in analyzing the question, provided those factual findings are 'supported by sufficient credible evidence in the record.'" State v. Smith, 212 N.J. 365, 387

5

(2012) (quoting State v. Handy, 206 N.J. 39, 44 (2011)). "In considering the legal conclusions to be drawn from those facts, our review is de novo." Ibid.

When a sentence is challenged, unless the appeal raises a question of law, a court reviews a sentence imposed pursuant to a plea agreement under the abuse of discretion standard. State v. Sainz, 107 N.J. 283, 292 (1987). Where a defendant receives the exact sentence bargained for, a presumption of reasonableness attaches to the sentence. State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996).

## II.

Although defendant's counseled brief stipulates the motor vehicle stop was valid, defendant's pro se brief challenges the stop. In his counseled brief, defendant argues the motion to suppress was wrongly decided because police lacked probable cause to search the entirety of his vehicle. Specifically, he contends the smell of burnt marijuana emanating from the passenger compartment did not provide probable cause to search the cargo section of the vehicle. We address these arguments in turn.

## A.

"[A] police officer may stop a motor vehicle where there is a reasonable or articulable suspicion that a motor vehicle violation has occurred." State v.

A-1959-17T3

Cohen, 347 N.J. Super. 375, 378 (App. Div. 2002) (citing Delaware v. Prouse, 440 U.S. 648, 663 (1979)). "[T]he State is not required to prove that the suspected motor vehicle violation occurred." State v. Locurto, 157 N.J. 463, 470 (1999) (quoting State v. Williamson, 138 N.J. 302, 304 (1994)).

The judge credited Harmon's testimony that he observed defendant driving on the shoulder of the highway in violation of N.J.S.A. 39:4-88B, while attempting to overtake another vehicle in the right lane. In the absence of any objective evidence refuting Harmon's testimony, the motor vehicle violation provided a reasonable, articulable suspicion and the stop was lawful.

B.

The odor of marijuana emanating from a car will generally establish probable cause to search its passenger compartment. State v. Birkenmeier, 185 N.J. 552, 563 (2006). New Jersey's automobile exception authorizes a warrantless search of an automobile when police have probable cause, and the circumstances giving rise to the probable cause are "unforeseeable and spontaneous[.]" State v. Witt, 223 N.J. 409, 450 (2015).

In State v. Guerra, the Court held a warrantless search of the trunk and its contents was justified under the automobile exception to the warrant requirement. 93 N.J. 146, 151-52 (1983). There, police stopped a vehicle and

A-1959-17T3

detected a strong odor of marijuana that could not have come from a small suitcase visible in the passenger compartment. Id. at 149. The driver declined consent to search the trunk. Ibid. The Court found officers were justified in performing a warrantless search of the trunk, and "every part of the vehicle" based on their detection of a strong odor of marijuana. Id. at 151.

Lawful observation of contraband can create probable cause to search an area beyond which the initial probable cause permitted. State v. Nishina, 175 N.J. 502, 515-16 (2003). In Nishina, an officer smelled the "odor of burnt marijuana coming out from" the defendant's clothes after the defendant exited his vehicle. Id. at 508. Based on the smell, the officer patted down the defendant and discovered a pen and a pack of rolling papers, which the officer recognized as "drug paraphernalia used for marijuana cigarettes." Ibid. The officer then shined a flashlight into the defendant's car and saw a "clear plastic bag protruding out of the console" which contained more marijuana. Ibid. The Court concluded the odor of marijuana on defendant's person, the discovery of drug paraphernalia as a result of a lawful search of defendant's person, and the plain view observation of the plastic bag in the car, "amply supplied the officer with probable cause to suspect that drugs would be found in defendant's vehicle." Id. at 517-18.

Here, Harmon testified that after stopping the vehicle he immediately smelled burnt marijuana emanating from it while speaking with defendant. Defendant admitted his friend smoked marijuana in the car earlier. Based on the odor, Harmon conducted a lawful search of the vehicle where he found heroin and heroin paraphernalia in the passenger compartment.

The recovery of heroin and paraphernalia in the center console, and the fact it was not marijuana and yet there was a marijuana odor in the car, provided the probable cause to search the rest of the vehicle.[3] Therefore, the discovery and seizure of the drugs, paraphernalia, and guns in the rear cargo area was constitutional.

## C.

We reject defendant's challenge to the sentence on the grounds the judge did not provide a basis for the aggravating factors. We also reject the claim his attorney was not permitted to address the court at sentencing.

Our Supreme Court stated findings regarding the aggravating and mitigating factors ensure the "sentence imposed is tailored to the individual offender and to the particular crime he or she committed." Sainz, 107 N.J. at

---

[3] Although not determinative, we note the vehicle did not have a trunk per se, but a contiguous rear cargo area commonly found in SUVs.

The sentencing record readily demonstrates the judge made the proper findings to support the applicable aggravating factors. Indeed, the judge reviewed the pre-sentence report and found defendant's prior contact with the court system, including adjudications of juvenile delinquency and indictable convictions as an adult, were sufficient to find the aggravating factors. She also concluded defendant's prior convictions for aggravated manslaughter, aggravated assault, and numerous drug offenses justified finding the applicable aggravating factors. The judge's findings were individualized to defendant and supported the application of aggravating factors N.J.S.A. 2C:44-1(a)(3), (6), and (9).

We also reject the claim the judge erred when imposing the State recommended sentence without hearing from defense counsel, who could argue for mitigation and a lower sentence. The sentencing record does not support defendant's argument his attorney was prevented from addressing the court. The judge inquired if defendant wished to place a statement on the record. The reason defendant did not is because, as the sentencing judge noted, "[t]his [was] a negotiated agreement between the prosecutor and the defendant." We find no reversible error in this regard.

10

D.

Defendant argues he is entitled to the following: three days additional jail credit from April 16 through April 18, 2016; relabeling of jail credit from April 11 through September 19, 2015, and February 25 through April 18, 2016, as "prior service time" credit; and twenty-seven additional days of jail credit on his VOP sentence for the time spent in jail following his arrest.

We agree the sentencing judge undercounted defendant's credit by three days because he was incarcerated from April 16 until April 18, 2016, not April 15, 2016. The State concedes this point, and does not object to relabeling the three days as prior service credit to "avoid inaccuracy and confusion." For these reasons, we remand this aspect of the sentence to correct the judgment of conviction.

Finally, defendant was provided jail credit starting on January 24, 2017, but argues that since he was arrested on December 28, 2016, the court withheld twenty-seven days to which he was entitled. We disagree.

We previously stated "[a]bsent a showing of an abusive exercise of authority, it would be unreasonable to grant defendant credit for the custodial time elapsing prior to the filing of a VOP statement of charges." State v. DiAngelo, 434 N.J. Super. 443, 462 (App. Div. 2014). Here, the statement of

11

charges was filed on January 19, 2017. Pursuant to <u>DiAngelo</u>, defendant's credit for custodial time commenced on that date, not the date of his arrest. At best, this calculation entitled defendant to five additional days credit on the VOP sentence. However, as the State notes, these alterations will have no practical effect, since it is uncontested defendant received the correct number of credits on his eight-year weapons sentence to which the three-year flat sentence for the VOP runs concurrently.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1959-17T3